CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

November 12, 2019

LETTER TO COUNSEL:

    RE:    *Kristin W. v. Andrew M. Saul, Commissioner of Social Security*[1]
           Civil No. TJS-18-2715

Dear Counsel:

    On September 3, 2018, Plaintiff Kristin W.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 17 & 20.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

    In her application for DIB, Kristin W. alleged a disability onset date of April 1, 2010. (Tr. 13.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on May 23, 2017 (Tr. 34-91), and the ALJ found that Kristin W. was not disabled under the Social Security Act (Tr. 13-28). The Appeals Council denied Kristin W.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

    The ALJ evaluated Kristin W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Kristin W. had not engaged in substantial gainful activity between April 1, 2010 (the alleged onset date) and December 30, 2015 (her date last insured). (Tr. 16.) At step two, the ALJ found that Kristin W. suffered from the following severe impairments: obesity, disorders of the lumbar and cervical

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On September 30, 2019, the case was reassigned to me.

spines, chronic pain syndrome, fibromyalgia, mild axonal neuropathy, and depression. (*Id.*) At step three, the ALJ found Kristin W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 17.) The ALJ determined that Kristin W. retained the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except occasional climbing ramps, stairs, ladders, ropes, and scaffolds, and occasional balancing, stooping, kneeling, crouching, and crawling. In addition, she is limited to simple, routine tasks, in a low stress environment defined as requiring only occasional independent decisions.

(Tr. 19.)

At step four, the ALJ determined that Kristin W. was unable to perform any past relevant work. (Tr. 27.) At step five, relying on the testimony of a vocational expert, the ALJ found that Kristin W. could perform jobs that exist in substantial numbers in the national economy, including document specialist, surveillance system monitor, and information clerk. (Tr. 28.) Accordingly, the ALJ concluded that she was not disabled under the Social Security Act. (*Id.*)

Kristin W. argues that the ALJ's RFC determination does not take into account her moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632. (ECF No. 17-1 at 8.)

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Kristin W.'s moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis. The ALJ found that Kristin W. had a moderate limitation "[w]ith regard to concentrating, persisting, or maintaining pace." (Tr. 18.) However, the ALJ's RFC assessment does not account for these moderate limitations in concentration, persistence, and pace. The RFC assessment limits Kristin W. to performing "simple, routine tasks, in a low stress environment defined as requiring only occasional independent decisions." (Tr. 19.) But limiting Kristin W. to work that involves only "simple, routine tasks, in a low stress environment" does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Kristin W. might be able to perform simple, routine, repetitive tasks for a short period of time but unable to sustain her performance for a full workday and workweek. *See McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration,

persistence, and pace).

The Commissioner argues that this case is distinguishable from *Mascio* because "unlike the situation that was at issue in *Mascio*, the ALJ did not leave an unexplained inconsistency between her step-three finding that [Kristin W.] had moderate limitations in concentrating, persisting, or maintaining pace and her RFC finding." (ECF No. 20-1 at 7.) The Commissioner points out that the ALJ did not limit Kristin W. to "mere simple, routine tasks or unskilled work" because the RFC dictated that the work be performed in a "low stress environment." (*Id.* at 6.) As the Commissioner correctly notes, the ALJ cited to several instances in the record where Kristin W. appeared to exhibit "intact" or "good" concentration during her psychiatric appointments. (*Id.* at 7-8.) The ALJ also noted that Kristin W. had traveled extensively around the world during the relevant time. And the ALJ gave great weight to the opinions of the State agency psychological consultants who found that while Kristin W. had moderate difficulties in maintaining concentration, persistence, or pace, she could also perform "routine type tasks with brief lapses of focus and in a low demanding work environment." (Tr. 99, 110.)

*Mascio* requires that when an ALJ determines that a claimant has moderate difficulties in the areas of concentration, persistence, or pace, the ALJ must either incorporate those difficulties into the RFC determination or explain why no limitation is necessary to account for those difficulties. Here, the ALJ's explanation did not fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Kristin W. had moderate difficulties in concentration, persistence, or pace, instead of mild or no difficulties, and how those difficulties restrict her RFC to "to simple, routine tasks, in a low stress environment."

The Court acknowledges that the ALJ cited to extensive evidence in the record that suggests Kristin W. is capable of working, but the ALJ's analysis does not comply with the specific requirements of *Mascio*. It may be, as the Commissioner argues, that Kristin W. demonstrated good concentration during her clinical appointments, but the ALJ also found that Kristine W. had moderate difficulties with concentration. The Court also notes that the ALJ discussed Kristin W.'s global travel in detail. But it is unclear to the Court why such travel indicates that Kristin W.'s moderate difficulties with concentration, persistence, and pace do not limit her ability to perform work. The ALJ offered no such explanation. Finally, the ALJ gave great weight to the opinions of Dr. Wiener and Dr. Clark from the State agency, including their finding that Kristin W. "could perform routine type tasks in a low demand work environment." (Tr. 25.) The meaning of a "low demand" work environment (or in the words of the State agency consultants, a "low demanding" work environment) is unclear. But in any event, the ALJ did not explain how such a work environment (or a work environment in which Kristin W. only had to make occasional independent decisions) would accommodate Kristin W.'s moderate difficulties in concentration, persistence, and pace. It could be, for example, that Kristin W. could work for short periods in a "low demand" or low stress work environment but be unable to sustain her performance for a full workday and workweek.

The Commissioner also argues that any error under *Mascio* is harmless. (*Id.* at 11.) Because the ALJ's decision plainly lacks the explanation required by *Mascio*, the Court is unable to conclude that the error is harmless. *See Talmo v. Comm'r, Social Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, *3 (D. Md. May 19, 2015) ("[T]he issue . . . is not whether the record contains

3

evidence that might support the ALJ's conclusions; it is whether the ALJ explained the apparent discrepancy between her step three finding and her RFC assessment.").

Based on this record, the Court is unable to find that the RFC determination by the ALJ represents an accurate characterization of Kristin W.'s ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). The ALJ's decision is insufficient to permit adequate review. Without additional explanation by the ALJ, the Court is unable to review the ALJ's findings to determine whether they are supported by substantial evidence and without legal error.

Considering the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Kristin W.'s difficulties in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Kristin W.'s moderate difficulties in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate finding that Kristin W. is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 20) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge
